IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**DANIEL LEE HALL, SR.,**

  **Plaintiff,**

v.             Case No. 2:15-cv-12953

**UNITED STATES OF AMERICA,**

  **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

On September 4, 2015, the plaintiff, Daniel Lee Hall, Sr., an inmate presently incarcerated at the Mount Olive Correctional Complex, in Mount Olive, West Virginia, filed a Complaint under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671 *et seq.* (ECF No. 2) and an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1). The plaintiff also filed a Petition for a Writ of Mandamus (ECF No. 5). This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915A, the court is obliged to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the court must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks

monetary relief from a defendant who is immune from such relief. This screening is generally done prior to consideration of an Application to Proceed without Prepayment of Fees and Costs, and notwithstanding the payment of any filing fee. A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory. *Denton v. Hernandez*, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, this leniency requirement does not permit the district court to serve as "de facto counsel for *pro se* litigants," or to re-write an otherwise deficient pleading. *See Hays v. Town of Gauley Bridge, W. Va.,* 474 F. App'x 930, 931 (4th Cir. 2012) (quoting *GJR Inv., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds as recognized in *Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010)).

In *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.
>
> * * *
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 678-679. The *Iqbal* Court noted that Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678.

Because service of process has not occurred, a motion to dismiss has not been filed in this case. However, the standard set forth in 28 U.S.C. § 1915A is analogous to that of a motion filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for dismissal based upon the failure of the Complaint to state a claim upon which relief can be granted.

A district court must also dismiss a claim if, at any time, it appears that the court lacks jurisdiction over the subject matter of the claim. Fed. R. Civ. P. 12(h)(3); *Duffield v. Memorial Hosp. Ass'n,* 361 F. Supp. 398 (S.D. W. Va. 1973), *aff'd sub. nom. Duffield v. Charleston Area Medical Ctr.*, 503 F.2d 512 (4th Cir. 1974); *see also Bolin v. Chavez*, 210

F.3d 389 (10th Cir. 2000) (permitting *sua sponte* dismissal for lack of subject matter jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure).

## ANALYSIS

The plaintiff is presently in state custody at MOCC serving a term of imprisonment of five to fifteen years on an incest conviction. *State v. Hall*, No. 07-F-52 (Mason Cty. Cir. Ct.). The plaintiff was also convicted in the United States District Court for the Southern District of West Virginia, following a guilty plea to one count of mailing threatening communications, in violation of 18 U.S.C. § 876(c). *United States v. Hall*, Case No. 3:09-cr-00187, ECF Nos. 33-34 (S.D. W. Va., May 21, 2010). On August 31, 2010, he was sentenced to serve a 36-month term of imprisonment, which was ordered to run consecutively to his undischarged state sentence. *Id.*, ECF No. 48. A Judgment to that effect was entered on September 14, 2010. *Id.*, ECF No. 51. The Office of the Federal Public Defender for the Southern District of West Virginia represented the plaintiff in his federal criminal proceedings.

### *The FTCA Complaint*

The United States enjoys sovereign immunity except to the extent that Congress has waived such immunity. The FTCA provides a limited waiver of sovereign immunity for "money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of an employee of the Government while acting within the scope of his office or employment . . . ." 28 U.S.C. § 2675(a). Section 2674 of the Act further provides as follows:

> The United States shall be liable, respecting the provisions of this titled relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

4

28 U.S.C. § 2674. In order to maintain a case against the United States under the FTCA, the plaintiff must demonstrate that his action is permissible under the FTCA and satisfies the necessary elements of a tort claim under state law.

The plaintiff's FTCA Complaint alleges that, in March of 2015, when the plaintiff was incarcerated at the Huttonsville Correctional Center in Huttonsville, West Virginia, he received a letter, dated November 14, 2013, from George H. Lancaster, Jr. ("Lancaster"), an Assistant Federal Public Defender in the Southern District of West Virginia, which made reference to the plaintiff providing information to federal agents. The plaintiff further claims that the November 14, 2013 letter was "stolen, copied and passed out in DOC [Division of Corrections], BOP [Bureau of Prisons] facilities. Now I am forced to live in protective custody." (ECF No. 2 at 6). The plaintiff alleges that Lancaster "pointlessly" sent him the letter knowing it "could put my life in jeopardy[.]" The plaintiff further asserts that Lancaster "wrongfully sent out the letter, then attempted to cover up his actions in additional letters." (*Id.*)

Although filed as an FTCA Complaint, the plaintiff titles his first ground for relief as "deliberate indifference for my safety," which suggests intentional, not negligent, conduct. The plaintiff further alleges that Lancaster engaged in a violation of attorney-client privilege "by placing this information that he knew could get me killed in a letter, rather than contact me by phone." (ECF No. 2 at 7). He further states, "He [Lancaster] had already sent the letter on 11/14/13. There was no logical reason to send the same letter again roughly 2 years later. By doing so as marked Exhibit A, has now placed my life in imminent danger. The letter was copied, defaced and returned to me." (*Id.*)

The Complaint does not seek monetary damages, but rather seeks to have the plaintiff's future 36-month federal sentence vacated or to allow that 36-month time

5

period to be added to his supervised release period, in lieu of incarceration, because the plaintiff asserts that he will have to seek special management when he is moved to a BOP facility. (*Id.* at 9). The plaintiff further contends that such segregation will cause him to be unable to seek employment and academic opportunities and will cause extreme anxiety, mental stress and depression. (*Id.*)

### *The Petition for Writ of Mandamus*

On September 4, 2015, the plaintiff also filed a Petition for Writ of Mandamus ("Petition"), using a form created for use in the Supreme Court of Appeals of West Virginia. (ECF No. 5). The Petition repeats the allegations contained in the Complaint concerning Lancaster's alleged conduct in sending the November 14, 2013 letter. The Petition also repeats the plaintiff's assertions that Lancaster's conduct violated attorney-client privilege and constituted deliberate indifference and further contends that Lancaster's conduct has resulted in a violation of his right to rehabilitation and to protection from inmate violence. (ECF No. 5 at 2).

The Petition further asserts that the plaintiff has "a clear legal right to all listed rights and protection from other inmates" and that the United States "has a legal duty to provide protection from inmate violence. They have a legal duty to provide rehabilitation otherwise my sentence serves no penological objective, *Young v. Quinlan*, 960 F.2d 351, 360 [(3d Cir. 1992)]." (*Id.* at 3). The Petition then addresses case law concerning deliberate indifference by prison officials as follows:

> "A prison official is deliberately indifferent when he knows or should have known of a sufficiently serious danger to an inmate." *Hudson v. Palmer*, 468 U.S. 517, 526-527, 82 L. Ed. 393, 109 S. Ct. 3194 (1989). The Amendment also imposes duties on these officials who must provide humane conditions of confinement. Officials must ensure that inmates receive adequate food, clothing, shelter, medical care and must "take reasonable measures to guarantee safety of the inmates." Eighth

6

>Amendment liability requires more than ordinary lack of due care for a prisoner's safety and interest.

(*Id.* at 3). The plaintiff further contends that there can be no other adequate remedy but to vacate his federal sentence or set it aside because his "life will be in danger in the BOP, just as it is in the DOC, and to know of the potential risk and force me into the BOP puts my life in danger and violates my rights." (*Id.* at 5).

### A. Dismissal for Failure to Exhaust Administrative Tort Claim.

It is apparent from the face of the Complaint that the plaintiff has not exhausted the required administrative remedies prior to filing his Complaint under the FTCA. It is a jurisdictional requirement that the plaintiff file and exhaust an administrative claim prior to filing suit. *See* 28 U.S.C. § 2675; *see also Muth v. United States*, 1 F.3d 246, 249 (4th Cir. 1993); *Dupont v. United States*, 980 F. Supp. 192, 195 (S.D. W. Va. 1997); *Johnson v. United States*, 906 F. Supp. 1100 (S.D. W. Va. 1995); *McCoy v. U.S.P.S.*, 890 F. Supp. 529, 531-32 (S.D. W. Va. 1995); *Hurt v. United States*, 889 F. Supp. 248, 252 (S.D. W. Va. 1995). (ECF No. 6 at 1).

On page 4 of the Complaint, the plaintiff acknowledges that he did not file an FTCA Claim Form (SF-95) or any other type of written notice with either the Federal Bureau of Prisons or any other federal government agencies. (ECF No. 2 at 4). The failure to file such an administrative tort claim deprives the court of subject matter jurisdiction, and the court may not hold the case in abeyance while the plaintiff exhausts the available administrative remedies. *McNeil v. United States*, 508 U.S. 106 (1993); *Plyler v. United States*, 900 F.2d 41, 42 (4th Cir. 1990).

For the reasons stated herein, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff has not demonstrated that he has exhausted his

7

administrative remedies concerning his FTCA claim raised in his Complaint. Accordingly, the undersigned further proposes that the presiding District Judge **FIND** that the United States District Court lacks subject matter jurisdiction over the plaintiff's claims.

### B.    The Complaint and Petition for Writ of Mandamus fail to state a claim upon which relief can be granted.

There are numerous other problems with both the FTCA Complaint and the Petition for Writ of Mandamus. First, the basis of the plaintiff's Complaint is that Lancaster acted either negligently or with deliberate indifference to his safety. However, although a federal public defender, such as Lancaster, is "an employee of the government," a claim concerning the provision of legal representation under 18 U.S.C. § 3006A is exempt from suit under the FTCA. *See* 28 U.S.C. § 2671 (An "employee of the government" includes "any officer or employee of a Federal public defender organization, except when such officer or employee performs professional services in the course of providing representation under section 3006A of Title 18.") Furthermore, as the plaintiff's court-appointed counsel, any alleged act of negligence by a federal public defender amounts, at best, to a claim of legal malpractice, which is not actionable under the FTCA. *See, e.g., Echols v. Dwyer,* 914 F. Supp. 325, 327 (E.D. Mo. 1996) (no cognizable FTCA claim for legal malpractice against federal public defender when the claim calls into question the validity of a prior conviction).[1]

Second, an allegation of an intentional violation of an individual's constitutional rights by a federal government employee, such as the plaintiff's claim of deliberate indifference to his safety (which is cognizable under the Eighth Amendment), would

---

[1]  The undersigned notes that the claims raised by the plaintiff herein do not directly call into question the validity of the plaintiff's federal criminal conviction; however, the relief sought by the plaintiff is the vacatur of his federal sentence derived from that conviction and his claims challenge the performance of his court-appointed federal public defender in the course of his representation of the plaintiff.

8

Case 2:15-cv-12953 Document 7 Filed 08/29/16 Page 9 of 12 PageID #: 50

normally be actionable, if at all, in a claim under *Bivens v. Six Unknown Fed. Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), which must be brought against the individual employee, not the United States itself. A *Bivens* claim is a distinctive avenue of relief from the FTCA. *See Sanchez v. McLain*, 867 F. Supp.2d 813, 816-17 (S.D. W. Va. 2011).

However, federal public defenders are not federal officers for purposes of a *Bivens*-type claim because "[t]hey do not act on behalf of the government, but rather serve the public by advancing the undivided interests of their clients." *Davis v. Van Hook*, No. 5:13-cv-3277, 2014 WL 1248291, *2 (W.D. La., Mar. 25, 2014) (citing *Allred v. McCaughey*, 257 F. App'x 91, 92 (10th Cir. 2007) (collecting cases)); *see also Haley v. Walker*, 751 F.2d 284, 285 (8th Cir. 1984) ("an attorney appointed by a federal court is not a federal officer for purposes of a *Bivens*-type action"); *Bradford v. Shankman*, 772 F.2d 905 at *1 (6th Cir. 1985) ("a private attorney and a federal public defender do not act under color of federal law for purposes of a *Bivens* action."); *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) ("a public defender does not act under color of federal law in performing the identical functions as a lawyer to an indigent defendant in a federal criminal proceeding.")

Furthermore, both FTCA and *Bivens* actions were designed to allow the pursuit of monetary damages and that is the *exclusive* remedy permitted under the FTCA. The plaintiff does not seek monetary damages herein and the relief he does seek is not generally available through a civil Complaint. The plaintiff seeks to have his federal sentence vacated - relief which is normally only available via a federal habeas corpus petition, or what is more commonly known as a "Motion to Vacate Sentence" under 28 U.S.C. § 2255 – and which is simply not an appropriate remedy for the tortious conduct

that the plaintiff alleges has occurred while he has been in state custody, and which is wholly unrelated to the validity of his federal conviction and sentence.

Accordingly, for the reasons stated herein, the plaintiff cannot assert a viable claim against the United States, or Lancaster individually, under either the FTCA or *Bivens*. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint fails to state a claim upon which relief can be granted.

Finally, turning to the Petition for a Writ of Mandamus, such a petition is governed by 28 U.S.C. § 1361, which provides as follows:

> The district court shall have original jurisdiction of any action in the nature of mandamus to compel am officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

28 U.S.C. § 1361.

Even assuming the plaintiff could establish that Lancaster is an "officer or employee of the United States" for the purpose of a mandamus petition filed under 28 U.S.C. § 1361, he has not established that Lancaster or the Office of the Federal Public Defender owed him the duties alleged in the Petition, such as providing protection from harm and the right to rehabilitation. A writ of mandamus "will issue only where the duty to be performed is ministerial and the obligation to act peremptory and plainly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable." *Central South Carolina Chapter, Soc. of Professional Journalists, Sigma Delta Chi v. United States District Court for the District of South Carolina,* 551 F.2d 559, 562 (4th Cir. 1977).

While such duties might ultimately be owed to the plaintiff by the Federal Bureau of Prisons when the plaintiff is in its custody, no such duty is presently owed. Moreover, because the plaintiff is presently in state custody, any requests for mandamus relief

10

concerning alleged duties owed to the plaintiff by state corrections officials must be addressed in the state courts, as this federal court lacks jurisdiction to grant mandamus relief against state officials.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the plaintiff's Complaint (ECF No. 2), without prejudice, for lack of subject matter jurisdiction, based upon the failure to exhaust administrative tort claim remedies. Additionally, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the plaintiff's Complaint (ECF No. 2) under 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted and **DENY** the Petition for Writ of Mandamus (ECF No. 5). It is also respectfully **RECOMMENDED** that the presiding District Judge **DENY** the plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1) and direct the Clerk to remove this civil action from the docket of the court.

The plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b)(2), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Copenhaver.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

<u>August 29, 2016</u>

_____
Dwane L. Tinsley
United States Magistrate Judge